UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

**Constitution Pipeline Co., LLC,**

        **Plaintiff,**

      -v-             3:14-CV-2046 (NAM/RFT)

**A Permanent Easement for 2.40 Acres And Temporary Easements for 3.13 Acres in Davenport, Deleware County, New York, Tax Parcel Number 25.-1-5; Barbara Elmore,**

        **Defendants.**

♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

APPEARANCES:

Saul Ewing LLP
Elizabeth U. Witmer, Esq., of counsel
1200 Liberty Ridge Drive, Suite 200
Wayne, Pennsylvania 19087-5569
and
Stockli, Slevin and Peters, LLP
John P. Stockli , Jr., Esq., of counsel
1826 Western Avenue
Albany, New York 12203
and
Saul Ewing LLP
Sean T. O'Neill, Esq., of counsel
Saul, Ewing LLP
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
and
Hiscock & Barclay LLP14-2018
Yvonne E. Hennessey, Esq., of counsel
80 State Street
Albany, New York 12207
Attorneys for Plaintiff

Office of Carol Malz
Carol Ann Malz, Esq.
554 Main Street
P.O. Box 1446
Oneonta, New York  13820
Attorney for Defendants.

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

On December 2, 2014, the Federal Energy Regulatory Commission ("FERC") issued an Order which, *inter alia*, authorized plaintiff Constitution Pipeline Co., LLC ("Constitution") to construct and operate approximately 124 miles of new 30-inch diameter natural gas pipeline ("the Project"). The FERC Order granted to Constitution a certificate of public convenience and necessity ("FERC certificate") under the Natural Gas Act ("NGA"), 15 U.S.C. § 717f. The NGA grants private natural gas companies the federal power of eminent domain where they hold a FERC certificate and either cannot acquire property by contract, or are unable to agree with the owner of the property on the amount of compensation to be paid for a necessary right of way for the transportation of gas. *Id.* at § 717f(h).[1] District court has jurisdiction in such cases when the amount claimed by the owner of the property to be condemned exceeds $3,000. Thus, "[o]nce a [certificate of public convenience and necessity] is issued by the FERC, and the gas company is unable to acquire the needed land by contract or agreement with the owner, the only issue before the district court in the ensuing eminent domain proceeding is the amount to be paid to the property owner as just compensation for the taking." *Maritimes & Northeast Pipeline, L.L.C. v. Decoulos*, 146 Fed.Appx. 495, 498 (1st Cir. 2005); *Millennium Pipeline Co., L.L.C. v. Certain*

---

[1] 15 U.S.C. § 717f(h) provides:
> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located.... [T]he United States district courts shall only have jurisdiction of the cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

*Permanent & Temp. Easements*, 777 F.Supp.2d 475, 479 (W.D.N.Y. 2011), *aff'd* 552 Fed.Appx. 37 (2d Cir. 2014).

Relying on its FERC Order, Constitution filed the instant action under section 71.1 of the Federal Rules of Civil Procedure against defendant, the owner of the subject property, to take the rights of way on the property necessary to install and construct pipeline facilities as part of the Project. The complaint (Dkt. No. 1) seeks an order and judgment holding that Constitution has the substantive right to condemn the rights of way, fixing the compensation to be paid to defendants for the rights of way, and granting title to the rights of way to Constitution. The complaint avers that the FERC Order covers rights of way described in the complaint and that, although Constitution has offered at least $3,000 for the rights of way, it has been unable to acquire the rights of way by agreement with the landowners.

Currently before the Court are the following motions:

- Constitution's Motion for Partial Summary Judgment (Dkt. No. 4) seeking partial summary judgment holding that Constitution has the substantive right to condemn a permanent right of way and easement and temporary easement as described in Exhibit A to the complaint; and

- Constitution's Omnibus Motion for Preliminary Injunction (Dkt. No. 6) seeking access to, possession of, and entry to the rights of way upon the filing of a bond.

Plaintiff's Motion (Dkt. No. 30) to Strike Defendant's Counterclaim is returnable before this Court on April 1, 2015. Because the counterclaim concerns the only the valuation of the taking, the existence of the counterclaim and the pendency of the motion to strike do not prevent this Court from reaching the issues in plaintiff's motions for partial summary judgment and preliminary injunction (Dkt. Nos. 4, 6), which the Court decides herein.

-3-

In opposition to partial summary judgment, defendant claims that the tax map and the legal description in her deed do not match and that she is "working on an action for declaratory judgment" which has not yet been filed.  The location of the pipeline, however, will not change, even if the boundary of the property changes, and this issue does not prevent partial summary judgment.  If the contention is intended as an argument that the proposed taking is not within the scope of the FERC certificate, this argument fails as well.  As set forth in the affidavit of Matthew Swift, Constitution's Project Manager, "The drawings [describing the Rights of Way] conform to the pipeline route reviewed and approved by the FERC in the FERC Order for the Property.  The pipeline route is shown on the alignment sheets submitted to the FERC as part of Constitution's application and subsequent filings."  The proposed orders submitted herein expressly limit the rights of way being condemned to those rights and facilities "approved by the Federal Energy Regulatory Commission pursuant to the Natural Gas Act and the Order of the Federal Energy Regulatory Commission dated December 2, 2014, Docket Nos. CP13-499-000 and CPl 3-502-000, 149 FERC  61,199 (2014)."

Defendant also contends that "there is a genuine issue of material fact as to the necessity and feasibility of the location of the pipeline."  Neither the necessity of the pipeline nor its location are matters for this Court.  These matters have been determined by FERC in its December 2, 2014 Order, and judicial review of the FERC certificate is only available in the circuit court.  *See* 15 U.S.C. § 717r(b); *Millennium Pipeline*, 777 F.Supp.2d at 479-81.  To the extent that this contention is intended as an argument that the proposed taking is not within the scope of the FERC certificate, the Court has already addressed this argument above.  In addition, if Constitution proceeds in violation of the FERC certificate, this is a matter for FERC, not the

Court.  *See id*. at 481.  This argument lacks merit.

Defendant further argues that the motion for partial summary judgment is premature because requests for rehearing have been made to FERC, and on January 27, 2015, FERC issued an "Order Granting Rehearing for Further Consideration." [2]  The January 27, 2015 Order states:

> Rehearing has been timely requested of the Commission's order issued on December 2, 2014, in this proceeding.  Constitution Pipeline Company and Iroquois Gas Transmission System, L. P., 149 FERC  61,199 (2014).  In the absence of Commission action within 30 days from the date the rehearing request was filed, the request for rehearing (and any timely requests for rehearing filed subsequently) would be deemed denied.  18 C.F.R. § 385.713 (2014).
>
> In order to afford additional time for consideration of the matters raised or to be raised, rehearing of the Commission's order is hereby granted for the limited purpose of further consideration, and timely-filed rehearing requests will not be deemed denied by operation of law.  Rehearing requests of the above-cited order filed in this proceeding will be addressed in a future order.  As provided in 18 C.F.R. § 385.713(d), no answers to the rehearing requests will be entertained.

Thus, the effect of the January 27, 2014 FERC order is simply to extend the time for the filing of rehearing requests so that FERC's inaction on the rehearing requests for more than 30 days will not be deemed a denial of rehearing.  FERC has not, however, issued a stay of its December 2, 2014 Order.  A request for rehearing does not operate as a stay.  *See* 15 U.S.C. § 717r(c) ("The filing of an application for rehearing under subsection (a) of this section shall not, unless specifically ordered by the Commission, operate as a stay of the Commission's order."); 18 C.F.R. § 385.713(e) ("Request is not a stay. Unless otherwise ordered by the Commission, the

---

[2] http://elibrary.ferc.gov/idmws/file_list.asp?accession_num=20150127-3038

filing of a request for rehearing does not stay the Commission decision or order.").[3]  Therefore, FERC's issuance of its January 27, 2015 Order does not affect this Court's obligation to enforce the December 2, 2014 FERC Order.

In addition, defendant alleges that Constitution did not negotiate in good faith.  The Second Circuit has not yet determined whether a condemnor must show that it negotiated in good faith before obtaining property by eminent domain under § 717f(h).  *See Millennium Pipeline*, 552 Fed.Appx. at 39.  In the case at bar, based on the affidavit of Patrick McCluskey (Dkt. No. 4-4) and defendant's own submissions, it is clear that Constitution made at least one offer based on an appraisal, a copy of which was provided to defendant, and that the parties have not reached agreement.  Defendant is free to have her own appraisal done at any time.  Defendant presents no support for her conclusory statement that Constitution "never made a good faith offer to purchase an easement."  Assuming that the NGA requires a good faith negotiation, Constitution's conduct meets this standard.  The Court has reviewed all arguments raised by defendant in opposition to plaintiff's motion for partial summary judgment, and finds that they lack merit.

Plaintiff has demonstrated that it meets the requirements of 15 U.S.C. § 717f(h): it has a certificate of public convenience and necessity issued by FERC; it has not been able to acquire the needed land by contract or agreement with the owner; and the owner has rejected an offer of at least $3,000.  Thus, it is authorized to exercise the federal power of eminent domain.  *See Millennium Pipeline*, 777 F.Supp.2d at 479.  On this record, resolving all ambiguities and drawing all factual inferences in defendant's favor, the Court finds no genuine issue with regard

---

[3] Indeed, courts hold that even FERC's grant of a rehearing request does not stay the original order unless FERC also grants a stay.  *See Steckman Ridge GP, LLC v. An Exclusive Natural Gas Storage Ealsement*, 2008 WL 4346405, *3 (W.D.Pa. Sept. 19, 2008) and cases cited therein.*

to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Plaintiff is entitled to partial summary judgment holding that, pursuant to the NGA and the FERC Order, Constitution has the substantive right to condemn a permanent right of way and easement and temporary easements as described in Exhibit A to the complaint.

With respect to plaintiff's motion for a preliminary injunction, "once a district court determines that a gas company has the substantive right to condemn property under the NGA, the court may exercise equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction." *East Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004). The standard for a preliminary injunction is as follows:

> In order to justify a preliminary injunction, a movant must demonstrate (1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiffs favor; and (3) that the public's interest weighs in favor of granting an injunction. A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.

*Singas Famous Pizza Brands Corp. v. New York Advertising LLC*, 468 Fed.Appx. 43, 45 (2d Cir. 2012) (citations and quotation marks omitted).[4] With respect to the second element, the Court has already determined that Constitution has succeeded on the merits.[5]

---

[4] Even accepting that the injunction sought is a mandatory injunction, which should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief," *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985), the Court finds that Constitution has met this standard for the reasons set forth herein.

[5] As the Third Circuit observed in *Columbia Gas Transmission, LLC v. 1.01 Acres*, 768 F.3d 300, 315 (3d Cir. 2014):
> This is not a "normal" preliminary injunction, where the merits await another day. In those situations, the probability of success is not a certainty such that weighing the other factors is paramount. Here, there is no remaining merits issue; we have ruled that Columbia has the right to the easements by eminent domain.

Regarding the likelihood of irreparable harm in the absence of the injunction, Constitution points to the provision in the FERC Order requiring Constitution to complete construction of the Project and make the new pipeline facilities available for service within twenty four months of the date of the FERC Order, or by December 2, 2016. The affidavit of Matthew Swift, Constitution's Project Manager, states that if Constitution does not have possession of the rights of way on or about February 16, 2015 for surveys and construction, "there is a likely risk that Constitution will not be able to begin construction in time to allow the Project to be completed by the anticipated in service date of December 2, 2016, which will cause Constitution to fail to comply with the conditions of the FERC Order and to suffer substantial damages." Swift explains:

> 6. The pipeline is approximately 124 miles long, and in order to expedite construction, Constitution has divided the pipeline into 5 construction spreads, each of which will have twelve crews to perform all construction tasks....
> 7. The construction of large-diameter natural gas pipelines is accomplished in linear segments, with a number of different crews performing different functions as part of the overall pipeline spread. Each crew follows the one ahead of it from one end of a construction spread to the other. The crews (and equipment) proceed sequentially in an assembly-like fashion along the construction corridor at a rate (distance per day) that depends on topography, road and stream crossings, and other factors. In addition, there will be specialty crews that typically do not work sequentially with the other crews. The specialty crews perform tasks such as road borings, stream installations, and trenchless crossings of environmentally sensitive areas.
> 8. Pipeline construction begins with tree and vegetation clearing, and installation of environmental controls, followed by grading and trenching. Thereafter, stringing, pipe bending, welding, and coating of the pipe takes place, followed by installation, backfilling, remediation, and restoration. The newly constructed pipeline will then be pressure-tested prior to being placed in service.
> 9. Generally once construction starts, the crews will move sequentially through all of the tasks for each pipeline segment until construction is complete.
> 10. Construction of the Project is also subject to significant restrictions intended to protect the environment and minimize the impact of construction on the environment. These restrictions are time sensitive and interdependent.

The Swift affidavit goes on to explain in substantial detail the construction schedule, the FERC requirements prior to construction, and other restrictions on construction, as well as potential monetary losses. Constitution has demonstrated it will sustain immediate and irreparable harm in the absence of the injunction.

Defendant claims harm stemming from potential damage to a cultivated blueberry field, cabin, garage, mobile home, pond, and wetlands on her property. Such injuries, while perhaps severe, arise from the NGA and the FERC Order themselves, not the preliminary injunction. As already noted, it is not for this Court to review the substance and validity of the FERC order. *See Millenium Pipeline*, 777 F.Supp.2d at 479-80. Faced with FERC's Order and plaintiff's motions for relief within the scope of that order, this Court's role is one of enforcement. *See id*. In the exercise of its discretion, the Court finds that the speculative harm alleged by defendant weighs less heavily than the harms alleged by plaintiff.

The Court notes also that defendant has expressed a concern that the rights sought by Constitution will prohibit her from entering on the affected portions of her property. By their own terms, the rights of way and easements in issue are not exclusive, and they allow defendant the continued use and enjoyment of her property. Plaintiff's Memorandum of Law (Dkt. No. 28) confirms:

> Landowner appears to be under a misapprehension that Constitution seeks exclusive possession of the Rights of Way, and that she will become a trespasser on her own property. The ultimate relief sought by Constitution in the Verified Complaint is the award of title to the easements described in the Verified Complaint, which are permanent and temporary easements, which still allow Landowner the use and enjoyment of her Property. The Rights of Way ... are not exclusive easements.

Defendant need have no concern in this respect.

Regarding the public interest, Swift explains in his affidavit that the Project "will provide additional natural gas capacity to meet the increased needs of customers in the New York and New England market areas" and "will provide new natural gas service for areas currently without access to natural gas, expand access to multiple sources of natural gas supply, improve operational performance, system flexibility and reliability in the New York and New England market areas and optimize the existing systems for the benefit of both current and new customers." FERC has issued to Constitution a certificate of public convenience and necessity, and has determined that "benefits the Constitution Pipeline Project ... will provide to the market outweigh any adverse effects on existing shippers, other pipelines and their captive customers, and on landowners and surrounding communities." The public's interest weighs in favor of granting a preliminary injunction.

Weighing all of the relevant factors, including in particular defendants' allegations of harm, the Court holds that Constitution is entitled to a preliminary injunction granting access to, possession of, and entry to the rights of way upon the filing of a bond. In setting the amount of the bond, the Court accepts $19,000 as the appraised value of the subject property, as set forth in Exhibit A to the declaration of Elizabeth U. Witmer, Esq. (Dkt. No. 6-1). Accordingly, the Omnibus Motion for Preliminary Injunction (Dkt. No. 6) is granted upon the filing of a bond in the sum of $76,000.

It is therefore

ORDERED that plaintiff's Motion for Partial Summary Judgment (Dkt. No. 4) is granted, and the Court will sign the submitted Order; and it is further

ORDERED that plaintiff's Omnibus Motion for Preliminary Injunction (Dkt. No. 6) is granted upon the filing of a bond in the sum of $76,000, and the Court will sign the submitted Order

IT IS SO ORDERED.

Date:   February 24, 2015

*Norman A. Mordue*
Senior U.S. District Judge